Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                 Case No:  09-20583

WILLIE JEAN DAWSON
_____/

### DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

        XX     18 U.S.C. § 3142(f)(1).

        __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

   __ the date of conviction, **or**

   __ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

   __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

   __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

   __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

   __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

   __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX      by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_      by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

\_\_      both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

    Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f)(1)(D), the Court must consider the Defendant's circumstances under the factors set forth in subsection 3142(g).

    As to the factors set forth in subsections (g)(1) and (g)(2), I find that the Defendant is charged with being a previously convicted felon in possession of firearms. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charge against the Defendant.

    As to subsection 3142(g)(3), I find that the Defendant is currently 33 years of age and is a lifelong resident of the Saginaw area, having lived at addresses on S. Bates Street, S. Washington and S. 27th Street. Defendant has been receiving Social Security disability benefits based upon a finding of mental impairments. He appears to have no meaningful employment history. I note also that the Defendant is a Michigan registered convicted sexual offender.

In 1993, the Defendant pled guilty to attempted felony controlled substances manufacture of less than 50 grams.  He was confined for 180 days.   In November, 1990, the Defendant was charged with a various offenses and pled guilty to a misdemeanor disorderly person charge.  He was confined for 90 days.  In 1996, the Defendant was charged with a series of drug-related offenses and ultimately pled guilty to possession of cocaine less than 25 grams.  He was initially confined for 60 days and then placed on 5 years probation.  He later pled guilty to habitual offender second offense and was placed on probation for this charge also.  While on that probation, the Defendant pled nolo contendere to attempted resisting and obstructing a police officer.  He was confined for 90 days.  Again while on probation, the Defendant pled guilty to a misdemeanor assault and battery charge and paid fines. While still on probation, the Defendant pled guilty to a traffic offense and was confined for 15 days.  In 2001, the Defendant pled guilty to misdemeanor charge of criminal sexual conduct fourth degree.  He was sentenced to two years six months to 15 years incarceration.  The Defendant ultimately was discharged from parole in July, 2009.  While apparently on parole, the Defendant pled guilty to traffic offenses, as well as a misdemeanor open container charge.  He was sentenced to 14 days in jail.   Again while on probation or parole, the Government represents that between years 1995 and 2006 the Defendant failed to appear 22 times for various proceedings relating to traffic offenses, some of which took more than 3 ½ years to close.

Approximately 4 months after the Defendant was released on parole from the earlier described charges, he was charged with felony assault and with intent to do great bodily harm less than murder.  This charge was later dismissed and a new charge of domestic violence second offense was filed.  I have had the opportunity to review a police report relating to the incident.  The report describes a physical assault upon a female victim in an outdoor setting during which Defendant slashed the victim's convertible automobile soft top

with enough force to break the knife he was using, after which Defendant threw the knife at the victim, striking her in the eye.  While this matter remains pending, and the Defendant has not been convicted of this charge, the underlying facts appear corroborated by photographs attached to the police report as well as a witness statement which both describes the incident in general terms and includes a threat made by the Defendant to the witness.  The Government proffers that in the process of arresting the Defendant, officers were forced to break a window to seek access to the Defendant who resisted arrest and the officers were ultimately required to use a TASER to subdue the Defendant.

As I weigh these factors under the standards of the Bail Reform Act, I find that the Defendant's consistent pattern of criminal conduct, much of which was done while on probation or parole, presents a significant and very real danger to the community.  While I appreciate the fact that the Defendant may have mental impairments and may have voluntarily and properly sought treatment, I am forced to conclude that this treatment is insufficient to assure the safety of the community.   I further conclude that there are no conditions nor any possible combination of conditions which would reasonably assure the safety of the community.   The Government's motion to detain will therefore be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government,

the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                     s/ *Charles E. Binder*
                                     CHARLES E. BINDER
Dated: December 16, 2009           United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 16, 2009          By     s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder