UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

WILLIE JEAN DAWSON,

       Defendant.
                                /

Case No: 09-20583

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER OF COMMITMENT FOR TREATMENT

This order is entered under the authority given to this Magistrate Judge
in an Order of Reference issued by District Judge Ludington pursuant to
28 U.S.C. § 636(b)(1)(A).

On March 31, 2010, this Court ordered an examination of the Defendant pursuant to 18 U.S.C. § 4241(a) and 4242(a). That examination was completed with a report having been prepared by Dr. Sommerschield and submitted to the Court and all counsel.

A hearing on the issue was held May 20, 2010, with Defendant and his counsel being present as well as counsel for the government. Both parties stipulated to the admission of the report, and neither party offered any additional evidence as to the issue of Defendant's competency. Based on the opinion of Dr. Sommerschield that Defendant is unable to understand the nature and consequences of the proceedings against him, and that he is unable to assist properly in his defense along with the comments of defense counsel, the undersigned agrees with the findings in the report that the Defendant is not competent to stand trial at the present time.

Accordingly, pursuant to 18 U.S.C. § 4241(d)(1), **IT IS ORDERED** that Defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable period of time, not to exceed four months, for the purpose of determining whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.

**IT IS FURTHER ORDERED** that within the period of time authorized by this Order, or such additional reasonable period of time approved by the Court pursuant to 18 U.S.C. § 4241(d)(2), the Attorney General must advise the Court whether Defendant's mental condition has so improved that trial may proceed. On receipt of that report, Defendant must be returned to this Court for a status conference and further determination as to his competency at that time.

**THE COURT ORDERS** that the United States Marshal's Service must promptly and expeditiously transfer Defendant to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service must do this as quickly as reasonably possible so as to minimize the period during which Defendant must travel to, be confined in, and be returned from the facility where such treatment will be conducted. The time period associated with this process, from the filing date of the Order for Psychiatric or Psychological Examination through and including the date on which a final determination is made regarding whether Defendant has regained his competency to stand trial, is excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which

timely objection was not made. Fed.R.Civ.P. 72(a). Any objections must specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: May 21, 2010    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Russ Perry, and served on Pretrial Services and the U.S. Marshal in the traditional manner.

Date: May 21, 2010    By    s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder